## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 7 |
| EDWARD R. SZWYD, | ) ) | Case No. 05-50837-HJB |
| Debtor. | ) ) ) |  |

### **MEMORANDUM OF DECISION**

Before this Court is the "Trustee's Objection to the Debtor's Claim of Exemption," filed by Jack E. Houghton, the Chapter 7 Trustee (the "Trustee"). The Trustee argues that the exemption claimed by Edward R. Szwyd (the "Debtor"), pursuant to G.L. c. 188, §1 (the "Massachusetts Homestead Exemption" and the "Massachusetts Homestead Statute," respectively), is not available because title to the Debtor's residence is held by a trust.[1] Because the Debtor here is the sole trustee and sole beneficiary of the instant trust, the issue to be determined is whether the Massachusetts Homestead Statute protects the equity of a residence held by a trust where an individual is both sole trustee and sole beneficiary.

---

[1] This Court feels compelled to express at the onset its growing frustration with the application of the Massachusetts Homestead Statute. While it is well settled that the statute's purpose is to protect the family home, see infra, Dwyer v. Cempellin 424 Mass. 26, 29-30, 673 N.E.2d 863, 866 (1996), the statute's ambiguities have proven to be legion and its benefits 1) appear to be available only for those with the legal training or resources necessary to locate a registry of deeds and record what is, for a layperson, a relatively complex document, and 2) may be easily and inadvertently lost by statutory language and conditions that are hyper-technical and often counterintuitive.

**I.    FACTS & TRAVEL OF THE CASE**

The facts are not in material dispute. In April of 1992 the Debtor's parents, Stanley and Maria M. Szwyd (the "Szwyds"), recorded a declaration of trust named the Myszka Nominee Realty Trust (the "Trust") in the Massachusetts Southern Berkshire Registry of Deeds . The Trust named the Szwyds as co-trustees. At that time, and all relevant times since, the Debtor has been the sole beneficiary of the Trust.

Incident to the formation of the Trust, the Szwyds caused certain real estate located at 366 North Plain Road, Great Barrington, Massachusetts (the "Residence") to be conveyed to the Trust. Subsequently, the Szwyds resigned as co-trustees and, in June of 1992, the Debtor accepted appointment as sole trustee of the Trust. Since that time, the Debtor has been both the sole trustee and sole beneficiary of the Trust. In February of 1996, the Debtor recorded a declaration of homestead, pursuant to G.L. c. 188, § 1, with respect to his beneficial interest in the Trust. At all material times, he has resided at the Residence.

On October 16, 2005, the Debtor filed for protection under Chapter 13 of the Bankruptcy Code. On January 6, 2006, the case was converted to Chapter 7. In his bankruptcy schedules, the Debtor valued the Residence at $450,000.00, subject to encumbrances totaling $280,646.23, and sought to exempt the balance of the equity by employing his claimed Massachusetts Homestead Exemption. The Chapter 7 Trustee objects.

## II.    POSITIONS OF THE PARTIES

In support of his objection to the Homestead Exemption, the Chapter 7 Trustee relies on <u>Assistant Recorder of the North Registry District of Bristol County v. Spinelli,</u> 38 Mass.App.Ct. 655, 659, 651 N.E.2d 411, 413 (1995). There, the Massachusetts Appeals Court, employing a strict construction of the Massachusetts Homestead Statute, held that because there is no explicit statutory reference to trusts in the statute, the beneficial owners of trusts do not enjoy the exemption in a residence owned by the trust.

The Debtor urges this Court to instead follow <u>Dwyer v. Cempellin</u>, 424 Mass. 26, 29-30, 673 N.E.2d 863, 866 (1996). In that case, the Supreme Judicial Court held that the Massachusetts Homestead Statute was intended to be interpreted liberally in favor of a debtor, in order to protect the family home. The Debtor here advances that more liberal judicial interpretation. In doing so, the Debtor directs this Court's attention to rarely quoted language of the Massachusetts Homestead Statute, which extends eligibility to claim the exemption beyond an actual owner and to "*one or all who rightfully possesses by lease or otherwise* and who occupy or intend to occupy said home as a principal residence." G.L. c. 188 § 1 (emphasis supplied). The Debtor suggests that this additional phrase provides an alternative to the ownership requirement. He submits that, as the rightful possessor of the Residence, he is entitled to claim the benefits of the Massachusetts Homestead Exemption.

## III.    DISCUSSION

The Massachusetts Homestead Statute provides, in relevant part:

> An estate of homestead to the extent of $500,000 in the land and buildings may be acquired pursuant to this chapter by an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise and who occupy or intend to occupy said home as a principal residence.  Said estate shall be exempt from the laws of conveyance, descent, devise, attachment, levy on execution and sale for payment of debts or legacies. . .

G.L. c. 188, § 1 (2005).  The Debtor argues that the language of the statute makes the exemption available not only to owners, but also to "all who rightfully possess the premise by lease or otherwise and who occupy or intend to occupy said home as a principal residence," and this group logically includes those who occupy their residence on account of their beneficial interest in a trust which owns the property.

This position was rejected by the Appeals Court in Spinelli.  That court analogized the Massachusetts Homestead Statute to tax statutes and was much influenced by Kirby v. Assessors of Medford, 350 Mass. 386, 215 N.E.2d 99 (1966), where "the Supreme Judicial Court specifically refused to extend the term 'owner' [as it appeared in certain tax statutes] to include equitable owners."  Spinelli, 651 N.E.2d at 413 (citing Kirby, 215 N.E.2d at 102).  The Spinelli decision only tangentially touched on the "or one or all who rightfully possess by lease or otherwise" language, relying on Thurston v. Maddocks, 88 Mass. (6 Allen) 427 (1863) wherein the court postulated that "[t]he object of this clause. . . obviously was to create a homestead right in a house owned by the occupant, but standing on leased land."  See Spinelli, 651 N.E.2d at 413 (quoting Thurston, 88 Mass. (6 Allen) at 428).  In any event, the Spinelli court believed that the Massachusetts Homestead Statute should be strictly construed. Id.

But the Spinelli court was wrong in its approach.  Not long after that decision was rendered, the Supreme Judicial Court issued its rulings in Dwyer v. Cempellin.  There, the

-4-

court distinguished tax statutes from the Massachusetts Homestead Statute and opted for a liberal construction of the latter:

> Tax exemptions release taxpayers from their obligation to bear their share of the cost of government and, in doing so, disturb the objective of equalizing the distribution of the tax burden. . . In contrast, homestead exemptions help bankrupts and their families from becoming public charges. Accordingly, homestead exemption statutes should be construed liberally so as to carry out their underlying purpose - to protect the family residence.

Dwyer, 673 N.E.2d at 866 n.7.

Does this guidance from the Supreme Judicial Court mean that the beneficial owners of trusts, who are in possession of the *res*, should also now be considered eligible to be beneficiaries of the protections afforded by the Massachusetts Homestead Statute? Did the Spinelli court go too far in its restrictive interpretation of the words "or one or all who rightfully possess by lease or otherwise?" This Court can not reliably answer these questions by examining the statute alone or its available legislative history. Ordinarily such an inquiry should be certified to the state's highest court for resolution.[2] This case, however, will not have to travel that route. It can be disposed of here on account of its unique facts; specifically, the fact that the Debtor is the sole trustee and sole beneficiary of the Trust.

---

[2] As this Court has noted, "a bankruptcy court ruling on an issue of state law must rule as it believes the highest court of the state would rule. When the highest court has not addressed the issue, the Bankruptcy Court should . . . attempt to predict what the highest court would do and to that end should accord proper regard to decisions of other courts of the state." In re DesRoches, 314 B.R. 19, 21-22 (Bankr. D. Mass. 2004) (citations omitted). But where, as here, the "other courts" provide little to no guidance on a novel issue that is grounded firmly in unsettled Massachusetts state law, this Court has the authority to certify a question to the Supreme Judicial Court to present that court the opportunity to interpret the laws over which it is the ultimate authority. Mass. Sup. Jud. Ct. R. 1:03; see U.S. Steel v. M. DeMatteo Const. Co., 315 F.3d 43, 53-54 (1st Cir. 2002).

It is axiomatic that a purported trust in which the sole trustee is also the sole beneficiary is a nullity. Where the same person holds both legal and equitable interest in the *res*, a trust is one in form only and not in function. Vittands v. Sudduth, 49 Mass.App.Ct. 401, 409 n.15, 730 N.E.2d 325, 334 (2000) (quoting Cunningham v. Bright, 228 Mass. 385, 389, 117 N.E. 909 (1917)) ("[o]ne cannot in the same instance be both the single trustee and the sole beneficiary of the same estate."); see also, Restatement (Second) of Trusts § 99 (2006) ("[t]he sole beneficiary of a trust cannot be the sole trustee of the trust").

When the entirety of legal and equitable interests in property vests in one person, those interests are said to merge and the trust terminates by operation of law; there are no duties or rights running between separate persons and the sole trustee/beneficiary is accountable to no one but him or herself. See generally, Atkins v. Atkins, 279 Mass. 1, 7, 180 N.E.2d 613, 614 (1932); Cunningham, 117 N.E. at 909; In re Lyons, 193 B.R. 637, 645 (Bankr. D. Mass. 1996); see also, Restatement (Second) of Trusts § 341(1) (2006) ("if the legal title to the trust property and the entire beneficial interest become united in one person who is not under an incapacity, the trust terminates"). The trust then becomes a mere alias for the person acting simultaneously as sole trustee and sole beneficiary. Cunningham, 117 N.E. at 909.

On June 16, 1992, when the Debtor succeeded his parents as sole trustee to the Trust, his legal and equitable interests in the Residence merged and the Trust was terminated. The Trust was then nothing more than an alias for Edward R. Szwyd.[3]

---

[3] That the Myszka Trust was a nominee trust does not change this result. The feature that most definitively sets a nominee trust apart from traditional trusts is that the trustee lacks power to deal with the trust property, except as directed by the beneficiaries. Roberts v. Roberts, 419 Mass. 685, 688 n.2, 646 N.E.2d 1061, 1063 (1995) (citations omitted). However, "[d]espite a nominee

To acquire a valid estate of homestead, Massachusetts law requires a declaration "by a writing duly signed, sealed and acknowledged and recorded in the registry of deeds for the county or district in which the property is situated." G.L. 188, § 2. The Debtor himself executed the declaration of homestead for the Residence and properly recorded it in the Southern Berkshire Registry of Deeds. By that time, the legal and equitable interests in the Residence had merged and vested solely in the Debtor. As such, the Massachusetts Homestead Exemption was his to claim. G.L. c. 188, §§ 1, 2.

## IV.   CONCLUSION

For the foregoing reasons, the "Trustee's Objection to the Debtor's Claim of Exemption," is OVERRULED.

A separate order in conformity with this Memorandum of Decision shall enter herewith.

DATED:    August 7, 2006                    By the Court,

*[signature: Henry Jack Boroff]*

_____
Henry J. Boroff
United States Bankruptcy Judge

---

trust's nontraditional relationship between trustee and beneficiary, such a trust must still adhere to the rule that no trust exists when the same individual is the sole settlor, sole trustee, and sole beneficiary." <u>Vittands</u>, 730 N.E.2d at 334.